UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL SMITH #431803                                        CIVIL ACTION

versus                                                                   NO. 06-3513

WARDEN LYNN COOPER                                   SECTION: "F" (3)

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Michael Smith, is a state prisoner incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana. On June 28, 2000, he was convicted of one count of attempted armed robbery, one count of attempted second-degree murder, and two counts of armed robbery.[2] On December 15, 2000, he was sentenced on the attempted armed robbery conviction to a term of twenty-one years imprisonment, on the attempted second-degree murder conviction to a term of thirty years imprisonment, and on each of the armed robbery convictions to a term of thirty-seven years imprisonment. It was ordered that the sentences run concurrently and that petitioner be given credit for time served.[3] He did not appeal.

Years later, pursuant to petitioner's motion,[4] the trial court granted petitioner an out-of-time appeal on April 5, 2002.[5] On January 15, 2003, the Louisiana Fourth Circuit Court of Appeal then affirmed his convictions and sentences.[6] Petitioner did not seek review of that judgment by the Louisiana Supreme Court.[7]

---

[2] State Rec., Vol. I of III, trial transcript, p. 225; State Rec., Vol. II of III, minute entry dated June 28, 2000; State Rec., Vol. II of III, jury verdict forms.

[3] State Rec., Vol. I of III, transcript of December 15, 2000, pp. 5-6; State Rec., Vol. II of III, minute entry dated December 15, 2000.

[4] State Rec., Vol. II of III.

[5] State Rec., Vol. II of III, order dated April 5, 2002; State Rec., Vol. II of III, minute entry dated April 5, 2002.

[6] State v. Wix, 838 So.2d 41 (La. App. 4th Cir. 2003) (No. 2002-KA-1493); State Rec., Vol. I of III.

[7] Petitioner's co-defendant, Derrick Wix, sought such review, see State v. Wix, 855 So.2d 756 (La. 2003); however, petitioner did not.

On May 10, 2004, petitioner filed with the state district court an application for post-conviction relief[8] which was denied that same date.[9] He next filed with the Louisiana Fourth Circuit Court of Appeal an application for a supervisory writ[10] which was denied on July 2, 2004.[11] He then filed with the Louisiana Supreme Court an application for a writ of certiorari and/or review[12] which was denied on May 13, 2005.[13]

On June 16, 2006, petitioner filed this federal application for *habeas corpus* relief.[14] In support of his application, petitioner asserts the following claims:

1. The identification procedure used was unduly suggestive;

2. Petitioner received ineffective assistance of counsel; and

3. The prosecution withheld exculpatory evidence from the defense.

---

[8] State Rec., Vol. III of III; State Rec., Vol. III of III, docket master entry for May 10, 2004.

[9] State Rec., Vol. III of III, Judgment and Order dated May 10, 2004; State Rec., Vol. III of III, docket master entry for May 10, 2004.

[10] State Rec., Vol. III of III.

[11] State v. Smith, No. 2004-K-0985 (La. App. 4th Cir. July 2, 2004) (unpublished); State Rec., Vol. III of III.

[12] State Rec., Vol. III of III.

[13] State *ex rel.* Smith v. State, 902 So.2d 1007 (La. 2005) (No. 2004-KH-1996); State Rec., Vol. III of III.

[14] Rec. Doc. 1.

The state argues that petitioner's federal application is untimely.[15] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence becomes "final."[16] Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).

As noted, petitioner was sentenced on December 15, 2000. Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), his convictions and sentences became final on December 22, 2000, upon the expiration of his period for seeking direct review under state law.[17] Accordingly, the period that petitioner had to file his application for federal *habeas corpus* relief commenced on that date and expired one year later unless that deadline was extended through tolling.

The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However,

---

[15] Rec. Doc. 5.

[16] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are inapplicable in the instant case.

[17] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). At the time of petitioner's sentencing in 2000, La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal his conviction or sentence. In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La.Rev.Stat.Ann. § 1:55(A). In 2000, December 16 was a Saturday and December 17 was a Sunday; therefore, out of an abundance of caution, this Court will not count those two days against petitioner when calculating the date his convictions and sentences became final.

petitioner had no applications for state post-conviction relief or other collateral review pending at any time during that one-year period.

The Court notes that years later petitioner did file a motion for an out-of-time appeal and a state post-conviction application. However, because the federal statute of limitations had already expired, those filings and the related proceedings had no bearing on the timeliness of petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

The Court further notes that petitioner was in fact granted an out-of-time appeal in 2002, long after the expiration of the statute of limitations. However, for the following reasons, the granting of that out-of-time appeal is of no consequence because it clearly did not "restart" the statute of limitations.

In Salinas v. Dretke, 354 F.3d 425 (5th Cir. 2004), the United States Fifth Circuit Court of Appeals was confronted with the issue of how the grant of an application to file an out-of-time petition for discretionary review ("PDR") under Texas law affected the running of the AEDPA's statute of limitations. In that case, the federal district court had held that the petitioner's one-year period for seeking federal *habeas corpus* review expired on March 31, 2002, and, therefore, his federal application was untimely when filed on April 28, 2002. However, on October 30, 2002, the Texas Court of Criminal Appeals granted petitioner's application to file an out-of-time PDR. At that point, *for state law purposes,* petitioner's conviction was again on direct review until

the state court rejected the PDR on January 22, 2003. The United States Fifth Circuit Court of

Appeals noted:

> When the Court of Criminal Appeals grants the right to file an "out-of-time" PDR, it restores the petitioner to the position he was in when he first possessed the right to petition for discretionary review. A defendant who still has the right to file a PDR is considered to be in the midst of the direct review process.

Salinas, 354 F.3d at 429 (citation and footnote omitted). The Fifth Circuit continued:

> On this basis, Salinas urges that the statute of limitations could not have lapsed in April 2002, because the prescription period should have begun only on the conclusion of direct review, *see* 28 U.S.C. § 2244(d)(1)(A), and direct review once again was pending when the [federal] district court dismissed his petition [on November 18, 2002]. Thus, Salinas argues, his conviction was "de-finalized," and the statute of limitations – though legitimately initiated in August 2000 – should be deemed to have begun again with the rejection of the PDR in January 2003.
>
> We disagree. *On its face, AEDPA provides for only a linear limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between. See* § 2244(d)(1), (2). *So long as the petitioner is being held pursuant to the same state court judgment, nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action.* Rather, the statutory framework only provides for the tolling of limitations during the pendency of state collateral review. *See* § 2244(d)(2).
>
> Thus, the issue is not whether the Court of Criminal Appeals' action revitalized Salinas's limitations period, but rather whether the existence of that potential relief prevents the limitations period from starting to run after that level of appeal has been denied. That is to say, we need to determine whether, in Texas, the mechanism by which Salinas obtained the right to file an "out-of-time" PDR is part of the direct or collateral review process. If that relief comes as a result of direct review, there would be no basis for limitations even to begin running until the Court of Criminal Appeals finalized the judgment by declining to grant relief on that level of appeal. *If, on the other hand, an "out-of-time" PDR is awarded only as a result of*

> *the collateral review process, limitations is tolled merely while the petitioner seeks to obtain that relief.*
> 
> *After reviewing the relevant state law, we conclude that the Court of Criminal Appeals is authorized to grant this form of relief only through state habeas proceedings. As a result, when a petitioner convicted in the Texas system acquires the right to file an "out-of-time" PDR, the relief tolls AEDPA's statute of limitations until the date on which the Court of Criminal Appeals declines to grant further relief, but it does not require a federal court to restart the running of AEDPA's limitations period altogether.*

Salinas, 354 F.3d at 429-30 (footnotes omitted) (emphasis added).

Therefore, as described by the Fifth Circuit, the grant of an application to file an out-of-time PDR is secured in Texas through the state post-conviction collateral review process. When such an application is granted, then the criminal defendant is considered to again be in the midst of the direct review process *for state law purposes*. Nevertheless, because the permission to pursue the out-of-time PDR was granted through post-conviction collateral proceedings, *for federal law purposes* the criminal defendant is entitled only to tolling under § 2244(d)(2), not a "restarting" of the statute of limitations under § 2244(d)(1)(A).

The undersigned concludes that the same would be true with respect to petitioner's grant of an out-of-time appeal under Louisiana law. After petitioner's convictions and sentences originally became "final" in 2000, he secured the out-of-time appeal through his post-conviction filing.[18] Despite the fact that the grant of the out-of-time appeal again restored petitioner to the midst of the direct review process for state law purposes, Salinas dictates that the AEDPA's statute of limitations, having already been properly initiated, was not "restarted" by the grant of the out-of-

---

[18] The Court notes that the Louisiana Supreme Court has held that an out-of-time appeal can be secured *only* in post-conviction proceedings. State v. Counterman, 475 So.2d 336 (La. 1985).

time appeal and the subsequent proceedings.  See Juarbe v. Cain, Civ. Action No. 06-0513, 2006 WL 2849859, at *3-5 (E.D. La. Sept. 29, 2006); Coleman v. Cain, Civ. Action No. 05-799, 2006 WL 2589215, at *5-6 (E.D. La. Sept. 5, 2006); Stephens v. Lensing, Civ. Action No. 03-1076 (E.D. La. May 11, 2004) (Lemmon, J.), certificate of appealability denied, No. 04-30575 (5th Cir. Sept. 17, 2004).[19]

Moreover, out of an abundance, the Court notes that, even if Salinas is disregarded, petitioner's federal application is still untimely for the following reasons.

First, as noted, pursuant to the out-of-time appeal, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's convictions and sentences on January 15, 2003.  Even if that were considered the triggering event for commencement of the statute of limitations, petitioner's one-year period would have started no later than February 14, 2003, when his time expired for filing a related writ application with the Louisiana Supreme Court.[20]  Under that scenario, petitioner would have

---

[19]  In the instant case, there is no question that petitioner is still being held pursuant to the original state court judgment, in that neither his convictions nor sentences were altered in any way as a result of the out-of-time appeal proceedings.

[20]  Pursuant to Louisiana Supreme Court Rule X, § 5(a), a litigant has thirty days to seek review of an intermediate appellate court's judgment by filing a writ application in the Louisiana Supreme Court.

had until February 16, 2004,[21] to file his federal application or to toll the statute of limitations with a state post-conviction filing.  He did neither within that period.

Second, the Court notes on May 13, 2005, the Louisiana Supreme Court denied the writ application relating to petitioner's final state post-conviction application.  Even after that event, petitioner waited an *additional* one year, one month, and three days before filing his federal application on June 16, 2006.[22]

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

---

[21]  Because February 14, 2004, fell on a Saturday, the AEDPA's statute of limitations would have been extended until the end of the following Monday, February 16.  See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, or a legal holiday, the period runs until the end of the next day that is not one of those days).

[22]  Petitioner signed his federal *habeas corpus* application on June 16, 2006.  Rec. Doc. 1.  That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

For all of the foregoing reasons, the Court finds that petitioner is entitled to neither statutory nor equitable tolling. Because his federal application was filed more than four years after his convictions and sentences became final, the application clearly should be dismissed as untimely.

### **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by Michael Smith be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this tenth day of April, 2007.

_(signature)_
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**